UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA JOHN NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL MEDICAL MANAGEMENT; MENTAL HEALTH CORRECTIONAL OFFICERS; and MINNEHAHA COUNTY JAIL MEDICAL STAFF, in their individual and official capacities,<br><br>Defendants. | 4:25-CV-04160-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff Joshua John Nelson filed this pro se civil rights lawsuit under 42 U.S.C. § 1983 arising out of his confinement at the Minnehaha County Jail. Doc. 1. Nelson filed a motion for leave to proceed in forma pauperis and provided a completed prisoner trust account report. Docs. 2, 3.

## I.    Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). At the time Nelson filed his complaint and motion to proceed in forma pauperis, he was an inmate at the Minnehaha County Jail. Docs. 1, 2. Nelson has not provided the Court with a notice of change of address, but he is no longer an inmate at the Minnehaha

County Jail.[1] Nelson is currently in the custody of the South Dakota Department of Corrections serving a five-year sentence for possession of a firearm by a convicted drug offender. See Offender Locator, South Dakota Department of Corrections, https://docadultlookup.sd.gov/adult/lookup/details/?id=mjN2PoZyAqo= (last visited Apr. 15, 2026). Nelson was sentenced on December 1, 2025, which means that he was likely a pretrial detainee when he commenced this action. Id.; Doc. 1. According to the Department of Corrections' website, Nelson is currently housed at the Yankton Minimum Center. Offender Locator, South Dakota Department of Corrections, https://docadultlookup.sd.gov/adult/lookup/details/?id=mjN2PoZyAqo= (last visited Apr. 15, 2026).

Because a prisoner seeking in forma pauperis status must pay the full filing fee under the PLRA, "the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Nelson's certified prisoner trust account report shows an average monthly deposit of $33.45 and an average monthly balance of $2.28. Doc. 3 at 1. Because Nelson would owe more than his

---

[1] Nelson is no longer listed as an inmate on the inmate listing portal for the Minnehaha County Jail. See Who's Behind Bars, Minnehaha County Sheriff's Office, https://web.minnehahacounty.gov/dept/so/jailInmateInfo/jailInmateInfoSearchResults.php?txtLastName=Nelson&g-recaptcha-response=&btnSearch=Search (last visited Apr. 15, 2026).

current balance as his initial partial filing fee, the Court grants Nelson leave to proceed in forma pauperis and waives his initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

To pay his filing fee, Nelson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Nelson's institution. Nelson remains responsible for the entire $350 filing fee as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background as Alleged by Nelson

In the caption of his complaint, Nelson identifies Correctional Medical Management and Mental Health Correctional Officers as defendants. Doc. 1 at 1. In the body of his complaint, Nelson lists Minnehaha County Jail as a defendant and states that he sues medical staff at the county jail in their individual and official capacities. Id. at 2.

In Count I of his complaint, Nelson alleges that his right to medical care and mental health needs at the beginning of his incarceration were not taken seriously. Id. at 4. Specifically, Nelson

contends that he was denied or delayed access to care for medical needs. Id. He contends that defendants are liable for malpractice for failing to inquire into essential facts necessary to make a professional judgment and not having proper equipment for medical needs. Id. According to Nelson, there were "many events from medical that are dangerous to ones [sic] health[,]" and he has "dates and times wrote [sic] down." Id. (capitalization in original omitted). Nelson contends that he has been emotionally and physically scarred due to the pain and suffering he has experienced because of the disregard for his physical and mental health. Id.

In Count II of his complaint, Nelson contends that correctional officers did not take his mental health and safety seriously when he was moved into a smaller unit, where he was threatened and then moved back to F block. Id. at 5. He also contends that he witnessed another inmate attempt suicide by hanging, and no correctional officer responded to the incident until Nelson summoned assistance. Id. Witnessing another inmate attempt to hang himself has injured Nelson's mental state of mind. Id.

Nelson requests that his "case to be looked at and also [his] pending charges to be dropped[.]" Id. at 6.[2] According to Nelson, if it were not for him, his cellmate "would be most likely dead because he was caught thanks to [Nelson] making a second nuse [sic] to hang himself." Id. Nelson also seeks monetary damages for pain and suffering in the amount of $250,000. Id.

**B.    Legal Standard**

Under 28 U.S.C. § 1915A, a court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C.

---

[2] Although a court may grant equitable relief under 42 U.S.C. § 1983, dismissing pending criminal charges is not relief that this Court can grant in a §1983 action.

4

§ 1915A(b).  A court screens a complaint filed by a prisoner under § 1915A when the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Here, Nelson seeks redress from employees of Minnehaha County, a governmental entity.  Doc. 1 at 2.  He also names Correctional Medical Management (CMM), a private company that has contracted with Minnehaha County to provide medical services at the Minnehaha County Jail.  Id. at 1.  Several courts have held that "contractors of a department of corrections to provide medical services in a prison [were] considered government entities or officers for § 1915A purposes." Keith v. Summers, No. 4:24-CV-04077-LLP, 2025 WL 267049, at *2 (D.S.D. Jan. 21, 2025) (collecting cases); Borger v. Welbig, No. 4:24-CV-04090-ECS, 2025 WL 1111312, at *3 (D.S.D. Apr. 15, 2025).  But even if CMM is not considered a governmental entity for purposes of § 1915A screening, when some, but not all defendants, are government actors, the screening requirement under § 1915A is triggered,  and the Court must screen "the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening." Ehlers v. U.S. Navy, No. 16-CV-30 (DWF/TNL), 2016 WL 1592478, at *2 (D. Minn. Mar. 14, 2016), report and recommendation adopted by 2016 WL 1559136 (D. Minn. Apr. 18, 2016).  Thus, this Court screens Nelson's complaint under 28 U.S.C. § 1915A.

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).  Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).  Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of

Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 556). This Court now screens Nelson's complaint under 28 U.S.C. § 1915A.

## C.   Legal Analysis

### 1.   Correctional Medical Management (CMM)

Although Nelson's caption identifies CMM as a defendant, the body of his complaint does not contain any allegations directed at CMM or any of its agents or employees. See generally

6

Doc. 1 at 4–6. "A proper § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights." Pennington v. Morgan, No. 24-CV-00838, 2025 WL 348609, at *2 (W.D. Va. Jan. 30, 2025). "If a defendant is not mentioned in the body of the complaint, the complaint does not state a cause of action against that defendant." Startup v. Bear Stearns Residential Mortg. Corp., No. 10-01961, 2011 WL 13227926, at *2 (C.D. Cal. Feb. 14, 2011) (citation omitted); see also Jones v. Town of Quartzsite, No. CV-13-02170, 2015 WL 12551172, at *5 (D. Ariz. Mar. 30, 2015) (finding plaintiff failed to state a claim when complaint failed to mention defendants); Hobson v. Temple-Inlet, No. 07-1318, 2007 WL 3101837, at *2 (D. Ariz. Oct. 22, 2007) (dismissing case under Rule 12(b)(6) because complaint did not mention the defendant).

Even if this Court liberally construes Nelson's complaint and assumes that the unidentified individuals who disregarded his medical and mental health needs are employees or agents of CMM, Nelson has not alleged a plausible § 1983 claim against CMM. Under § 1983, a corporation cannot be held vicariously liable for the acts of its employees. Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (citing Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975–76 (8th Cir. 1993)). "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Sanders, 984 F.2d at 975–76 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 694 (1978)). "To support a claim against a corporation acting under color of state law, plaintiff 'must show that there was a policy, custom, or official action that inflicted an actionable injury.'" Phillips v. Rose, No. 4:23-CV-00825-JSD, 2023 WL 5748434, at *6 (E.D. Mo. Sept. 6, 2023) (quoting Johnson v. Hamilton, 452 F.3d 967, 973 (8th

Cir. 2006)). "[T]o prove a policy, custom or action, [the plaintiff] must show 'a continuing, widespread, persistent pattern of unconstitutional misconduct'" by the corporation's employees. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (quoting S.J. v. Kansas City Mo. Pub. Sch. Dist., 294 F.3d 1025, 1028 (8th Cir. 2002)). A § 1983 complaint need not "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Id. (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Nelson's complaint does not allege that the disregard of his medical and mental health needs is the result of an unconstitutional CMM policy or custom. See generally Doc. 1. Nelson's claims alleging that CMM is liable for violating his constitutional rights are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) for failure to state a claim upon which can be granted.

Liberally construing Nelson's complaint, he alleges a state-law claim for medical negligence. Doc. 1 at 4. Specifically, Nelson contends that defendants are liable for malpractice for failing to inquire into essential facts necessary to make a professional judgment and for not having proper equipment to carry out medical judgment. Id. "[H]ealthcare providers have a duty under state law to provide care and treatment that complies with the applicable standard of care." Hunter v. Haas, No. 4:24-CV-04170-CCT, 2025 WL 2830261, at *5 (D.S.D. Oct. 6, 2025). "In order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." Hanson v. Big Stone Therapies, Inc., 916

8

N.W.2d 151, 158 (S.D. 2018) (quoting <u>Hamilton v. Sommers</u>, 855 N.W.2d 855, 861 (S.D. 2014)). "In a suit for professional negligence, the plaintiff must prove that the professional deviated from the required standard of care." <u>Id.</u> (citing <u>Magbuhat v. Kovarik</u>, 382 N.W.2d 43, 46 (S.D. 1986)). Under South Dakota law, an employer can be vicariously liable for negligence of its employees. <u>See, e.g.</u>, <u>Sheard v. Hattum</u>, 965 N.W.2d 134, 143 (S.D. 2021).

Here, Nelson does not allege that any agent or employee of CMM was involved in the alleged malpractice or medical negligence. <u>See generally</u> Doc. 1 at 4. Additionally, his conclusory allegations are insufficient to state a plausible claim against CMM for medical negligence or malpractice. He does not allege what "essential facts" any provider failed to inquire about or how the alleged failure to inquire caused him injury. <u>See id.</u> Similarly, he does not allege what equipment was unavailable or how the allegedly unavailable equipment impacted his care or caused him injury. <u>See id.</u> To the extent that Nelson alleges that CMM is vicariously liable for its employees' negligence or malpractice, his state-law negligence claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) for failure to state a claim upon which can be granted.

### 2.    Minnehaha County Jail

It appears that Nelson is asserting claims against Minnehaha County Jail. Doc. 1 at 2. "[C]ounty jails are not legal entities amenable to suit." <u>Owens v. Scott Cnty. Jail</u>, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam). Because Minnehaha County Jail is not an entity subject to suit under § 1983, Nelson's claims against Minnehaha County Jail are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3.   Claims Against Minnehaha County

Nelson alleges that Minnehaha County Jail medical staff, mental health correctional officers, and correctional officers violated his constitutional rights, but he does not name any individuals as defendants.   Thus, to the extent Nelson seeks to bring claims against Minnehaha County Jail medical staff, mental health correctional officers, or correctional officers in their individual capacities, those claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).   See Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (holding that a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests); Martin, 780 F.2d at 1338 (dismissing claims as not cognizable under § 1983 when plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Tatone v. SunTrust Mortg., Inc., 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.").

Nelson also brings claims against Minnehaha County Jail medical staff, mental health correctional officers, or correctional officers in their official capacities.   Doc. 1 at 2.   Because official capacity claims are construed as claims against the individual's employer, Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999), this Court evaluates Nelson's official capacity claims as claims against Minnehaha County.   See also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) ("A § 1983 action against a government official in his official capacity . . . is *not* a suit against the official personally, for the real party in interest is the entity." (internal citations omitted)).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay, 815 F.2d at 1170 (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation[]" in order for that entity to be liable under § 1983). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson, 388 F.3d at 591 (citation omitted). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

To establish local governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees[]" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Indep., 829 F.3d 695, 700 (8th Cir. 2016)).

Nelson alleges that his mental health needs were not taken seriously and that he was denied or delayed access to medical care.[3] Doc. 1 at 4. He also alleges that correctional officers

---

[3] The deliberate indifference standard includes "both an objective and a subjective component." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). "The plaintiff[] must demonstrate (1) that [he] suffered objectively

11

disregarded his safety and mental health needs by moving him to a smaller cell where he was threatened and then moving him back to F block where he witnessed another inmate attempt suicide. Id. at 5. But Nelson does not allege any facts indicating that any actions by any Minnehaha County employee were taken in accordance with an unconstitutional policy or custom of the county. See generally Doc. 1. Thus, Nelson's official capacity claims against Minnehaha County Jail medical staff, mental health correctional officers, and correctional officers under § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

To the extent Nelson's complaint could be liberally construed to allege that Minnehaha County is vicariously liable for the negligence or malpractice of healthcare providers it may employ, Nelson's state-law negligence claim against Minnehaha County is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) for the same reasons that his state-law claims against CMM are dismissed.

## III.    Conclusion

Accordingly, it is

ORDERED that Nelson's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

---

serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Id. (citing Coleman, 114 F.3d at 784). The Eighth Circuit has defined a serious medical need as one that has been diagnosed by a physician and requires treatment. Presson v. Reed, 65 F.4th 357, 366 (8th Cir. 2023) (citing Davis v. Buchanan Cnty., 11 F.4th 604, 623–24 (8th Cir. 2021)). Because Nelson's complaint provides no specifics regarding his mental and/or physical conditions, this Court cannot determine whether his mental and/or physical conditions were objectively serious medical needs that satisfy the objective component of the deliberate indifference standard.

ORDERED that the Clerk of Court shall send a copy of this order to the appropriate financial official at Nelson's current institution, Yankton Minimum Center. It is further

ORDERED that the institution having custody of Nelson is directed that whenever the amount in Nelson's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Nelson's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that Nelson's claims against Correctional Medical Management are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). It is further

ORDERED that Nelson's claims against Minnehaha County Jail are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

ORDERED that Nelson's individual capacity claims against Minnehaha County Jail medical staff, mental health correctional officers, and correctional officers under § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Nelson's official capacity claims against Minnehaha County Jail medical staff, mental health correctional officers, and correctional officers under § 1983 are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is finally

ORDERED that to the extent Nelson claims that Minnehaha County is vicariously liable for the negligence or malpractice of healthcare providers it may employ, Nelson's state-law negligence claim against Minnehaha County is dismissed without prejudice under 28 U.S.C.

13

§§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

DATED April 21st, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

14